VICTOR MANUEL TORRES
California Bar No. 140862
2664 Fourth Avenue
San Diego, CA 92103
Telephone: (619) 232-8776
Facsimile: (619) 232-8857
lawforvatos@yahoo.com

EZEKIEL E. CORTEZ
California Bar No. 112808
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Telephone: (619)237-0309

Attorney for Plaintiffs SAMANTHA LOPEZ (by and through her Legal Custodian LILIANA CORTEZ), FILADELFO LOPEZ LARA, ALONZO LOPEZ, ANNA LOPEZ, & JULIA LOPEZ

FILED
2007 OCT 19 AM 10: 31
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA LOPEZ, a minor (by and through her Legal Custodian LILIANA CORTEZ), FILADELFO LOPEZ LARA, ALONZO LOPEZ, ANNA LOPEZ, & JULIA LOPEZ, as surviving heirs of DAVID ARNULFO LOPEZ, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal corporation, CITY OF VISTA, a municipal corporation & DOES 1-50, inclusive,<br><br>Defendants | Civil Case No. '07 CV 2028 JLS WMc<br><br>COMPLAINT FOR MONEY DAMAGES:<br>(1) Wrongful Death 42 U.S.C. § 1983;<br>(2) Excessive Force 42 U.S.C. § 1983;<br>(3) Assault & Battery<br>(4) Intentional Infliction of Emotional Distress<br>(5) Negligence<br><br>DEMAND FOR JURY TRIAL |

COME NOW, the ESTATE OF DAVID ARNULFO LOPEZ, through its personal representatives and surviving heirs, SAMANTHA LOPEZ, a minor (by and through her Legal Custodian LILIANA CORTEZ), FILADELFO LOPEZ LARA, ALONZO LOPEZ, ANNA LOPEZ and JULIA LOPEZ, by their attorneys of record, VICTOR MANUEL TORRES and EZEKIEL E. CORTEZ, and allege and complain as follows:

1

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of California, against defendants the COUNTY OF SAN DIEGO, the CITY OF VISTA, and DOES 1-50.

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under state law under 28 U.S.C. § 1367. Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in the County of San Diego.

2. The matter in controversy exceeds, exclusive of interests and costs, the jurisdictional minimum of this court of One Hundred Fifty Thousand dollars ($150,000.00).

3. Plaintiffs have complied with California Government Code §§ 800 *et seq*. Plaintiff's timely claims have been denied or the time for timely response by the Local Public Entities concerned has elapsed.

## PARTIES

4. At all times relevant to this complaint, DAVID ARNULFO LOPEZ was an individual residing in the County of San Diego and his death, as set forth more fully below, resulted in the creation of the ESTATE OF DAVID ARNULFO LOPEZ, which brings this lawsuit by its personal representatives and surviving heirs SAMANTHA LOPEZ, his daughter, FILADELFO LOPEZ LARA, his father, ALONZO LOPEZ, his brother, ANNA LOPEZ, his sister, and JULIA LOPEZ, his sister.

5. At all times relevant to this complaint, each of the Plaintiffs was an individual residing in the County of San Diego.

6.  Plaintiffs are truly ignorant of the true names and capacities of DOES 1-50, inclusive, and/or are truly ignorant of the facts that give rise to their liability.

7.  These DOE defendants are agents, servants and employees of each other or of the other named defendants and were acting at all times with the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named defendants, and each of the defendants had approved or ratified the actions of the other defendants thereby making the currently named defendants liable for the acts and/or omissions of their agents, servants and/or employees.

8.  At all times relevant to this complaint, defendants COUNTY OF SAN DIEGO and CITY OF VISTA were municipal corporations operating in the County of San Diego.

## FACTS

9.  On or about October 21, 2006, at about 6:15 p.m. Sheriff's Deputies received a telephone call concerning a family disturbance call at the trailer park at 1205 North Santa Fe Drive, Vista, CA 92083. The call was made by David Arnulfo Lopez's estranged wife.

10. Shortly thereafter, Mr. Lopez's estranged wife updated her previous call to state that Mr. Lopez was going through her trailer "stabbing stuff."

11. At 6:43 p.m., the first Sheriff's Deputy arrived at the scene. After another two Sheriff's Deputies arrived, the Deputies contacted Mr. Lopez's estranged wife who directed the Deputies to space number 59.

12. Upon arrival at space 59, the Sheriff's Deputies reportedly observed a male looking through the trailer's sliding glass door. One of the Deputies deployed his police canine into the trailer. A male was observed trying to break through the bathroom window but was unsuccessful.

13. Shortly thereafter, David Arnulfo Lopez emerged from the trailer through the front door where the three Sheriff's Deputies were positioned with their government-issued firearms drawn.

14. When David Arnulfo Lopez emerged from the trailer he was struck at least twelve times by bullets in the thorax, back, buttocks, shoulder and thigh.

15. When David Arnulfo Lopez emerged from the trailer he was not armed with any weapon and did not pose any threat to the safety of himself or others.

16. It is unclear whether David Arnulfo Lopez died immediately from his gunshot wounds. Mr. Lopez was declared dead at the scene. No attempts to resuscitate or aid Mr. Lopez are known to have been given.

17. The defendant Sheriff's Deputies had not witnessed Mr. Lopez commit any crime, had no warrant for arrest and no legal cause to seize the person of Mr. Lopez.

18. As a direct and proximate result of the acts state herein by the defendants, individually and collectively, David Arnulfo Lopez suffered the following injuries and damages:

    a. Violation of his rights guaranteed under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from unreasonable search and seizure;

    b. Loss of his life;

    c. Physical pain and suffering and emotional trauma and suffering as the result of the excessive use of force, and being shot by firearms at least twelve times at close range;

19. Plaintiff Samantha Lopez suffered the untimely end of her relationship with her father, with corresponding loss of his income, services, protection, care, assistance, society, companionship comfort, guidance, counsel and advice.

20. Plaintiff Filadelfo Lopez Lara suffered the untimely end of his relationship with his son, with corresponding loss of his income, services, protection, care, assistance, society,

1. companionship comfort, guidance, counsel and advice, and was forced to incur funeral expenses and costs for the disposition of his son's remains.

22. Plaintiffs Alonzo Lopez, Anna Lopez, and Julia Lopez suffered the untimely end of their relationship with their brother, with corresponding loss of his income, services, protection, care, assistance, society, companionship comfort, guidance, counsel and advice, and were forced to incur funeral expenses and costs for the disposition of their brother's remains.

22. The actions of the defendants, individually and collectively violated the following clearly established and well-settled federal constitutional rights of David Arnulfo Lopez:

    a.    Freedom from unreasonable seizure of his person;

    b.    Freedom from the use of excessive, unreasonable and unjustified force against his person.

### FIRST CAUSE OF ACTION. 42 U.S.C. § 1983 – WRONGFUL DEATH

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. Defendants, individually and collectively, acting under color of law, committed wrongful acts which proximately caused the death of David Arnulfo Lopez. Specifically, the defendants, individually and collectively, deprived David Arnulfo Lopez of his rights under the Constitution of the United States to be free from the use of excessive force by law enforcement agents, punishment without due process and unlawful stop, search and seizure without reasonable suspicion, probable cause and due process of law. Such deprivation resulted in the death of David Arnulfo Lopez. By their acts and/ or omissions, the defendants violated the constitutional guarantees afforded David Arnulfo Lopez under the Fourth and Fourteenth Amendments. The defendants, individually and collectively used excessive force as alleged herein against David Arnulfo Lopez with a purpose to cause harm that is unrelated to the legitimate use of force. The force was used to make David Arnulfo Lopez suffer and to punish him. The force used was

unreasonable and performed with a deliberate indifference to the safety and welfare of David Arnulfo Lopez and others. The shooting of an unarmed cornered man, posing no risk of harm to persons or property is objectively unreasonable and the defendants were such that no reasonable law enforcement agent would have considered the use of force to be justified thereby violating David Arnulfo Lopez's constitutional freedom from unreasonable seizure.

25.    Plaintiffs SAMANTHA LOPEZ, by and through her Legal Guardian Liliana Cortez, FILADELFO LOPEZ LARA, ALONZO LOPEZ, ANNA LOPEZ, and JULIA LOPEZ claim damages for the wrongful death of David Arnulfo Lopez and for loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral expenses and costs for the disposition of David Arnulfo Lopez's remains under 42 U.S.C. § 1983 and the Constitution and Statutes of the State of California.

26.    Defendants COUNTY OF SAN DIEGO and CITY OF VISTA also maintained a custom, policy or practice of using excessive force against Hispanic males in an effort to intimidate Hispanic males. Defendants COUNTY OF SAN DIEGO and CITY OF VISTA also maintained an unconstitutional policy regarding the use of alternative force. The COUNTY OF SAN DIEGO and the CITY OF VISTA knew or should have known that it should arm and train its Sheriff's Deputies in the use of force other than deadly force, such as tasers or stun-guns. This unconstitutional policy and refusal to arm and train its Sheriff's Deputies in alternatives to deadly force was a direct cause of the death of David Arnulfo Lopez.

27.    The conduct alleged herein violated the constitutional rights of David Arnulfo Lopez and resulted in the deprivation of plaintiff's rights alleged herein, which has legally, proximately, foreseeably, and actually cause plaintiffs to suffer emotional distress, pain, suffering, and further general and special damages according to proof at the time of trial.

28. The conduct alleged herein also amounts to oppression, fraud, or malice within the meaning of Civil Code § 3294, thereby justifying the award of exemplary damages against these defendants in an amount according to proof at the time of trial in order to deter the defendants from engaging in similar misconduct and to make an example by way of monetary punishment. Plaintiffs are also entitled to attorney fees and costs of suit herein pursuant to statute.

**SECOND CAUSE OF ACTION. ASSAULT AND BATTERY – WRONGFUL DEATH**

29. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

30. Defendants, individually and collectively, acted with intent to cause harmful or offensive contact with the person of David Arnulfo Lopez and the intended harmful or offensive contact did in fact occur. The harmful or offensive contact was in no way privileged nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety of David Arnulfo Lopez, and was done with the intent to inflict punishment on David Arnulfo Lopez, above and beyond the reason for using force in the first instance. Sheriff's Deputies, named herein as DOES 1-50, assaulted and battered David Arnulfo Lopez.

31. As a result of the defendant's intent to cause harmful or offensive contact with the person of David Arnulfo Lopez and the fact that the intended harmful or offensive contact did in fact occur, the Estate of David Arnulfo Lopez, and consequently his heirs, have suffered damages according to proof at the time of trial. Such damages are in excess of this court's jurisdictional minimum and include loss or damage that David Arnulfo Lopez sustained or incurred before death and damages that David Arnulfo Lopez would been entitled to recover had he survived.

32. Defendant's conduct, individually and collectively, also amount to oppression, fraud or malice within the meaning of Civil Code § 3294, *et seq.*, and punitive damages should be assessed against each defendant for the purpose of punishment and for sake of example.

33. Plaintiffs SAMANTHA LOPEZ, by and through her Legal Guardian Liliana Cortez, FILADELFO LOPEZ LARA, ALONZO LOPEZ, ANNA LOPEZ, and JULIA LOPEZ claim damages for the wrongful conduct of the defendants resulting in the death of David Arnulfo Lopez and for loss of his income, services, protection, care, assistance, society, companionship comfort, guidance, counsel and advice, and for funeral expenses and costs for the disposition of David Arnulfo Lopez's remains under the laws of the State of California.

### THIRD CAUSE OF ACTION. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

35. By engaging in the acts, omissions and misconduct alleged herein, the defendants engaged in outrageous conduct with a reckless disregard of the probability of causing plaintiffs to suffer emotional distress.

36. As a direct, proximate and foreseeable result of defendant's outrageous conduct, individually and collectively, plaintiffs have suffered severe emotional distress.

37. Defendant's conduct, individually and collectively, also amount to oppression, fraud or malice within the meaning of Civil Code § 3294, *et seq.*, and punitive damages should be assessed against each defendant for the purpose of punishment and for sake of example.

38. Plaintiffs SAMANTHA LOPEZ, by and through her Legal Guardian Liliana Cortez, FILADELFO LOPEZ LARA, ALONZO LOPEZ, ANNA LOPEZ, and JULIA LOPEZ claim damages for the wrongful conduct of the defendants resulting in the death of David Arnulfo Lopez and for loss of his income, services, protection, care, assistance, society, companionship comfort, guidance, counsel and advice, and for funeral expenses and costs for the disposition of David Arnulfo Lopez's remains under the laws of the State of California.

//

//

## FOURTH CAUSE OF ACTION. NEGLIGENCE

39. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

40. Defendants, individually and collectively, had a duty to plaintiffs to act with ordinary care and prudence so as not to cause harm or injury to another.

41. By engaging in the acts alleged herein, the defendants failed to act with ordinary care and breached their duty of care owed to plaintiffs.

42. As a direct, proximate and foreseeable result of the defendant's breach of their duty of care, plaintiff's suffered damages in an amount according to proof at the time of trial.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

WHEREFORE, all Plaintiffs request that this court:

a. Award general damages, including emotional distress, to all plaintiffs against all defendants;

b. Award special damages to all plaintiffs against all defendants;

c. Award costs of this action to all Plaintiffs;

d. Award exemplary damages to all plaintiffs against all defendants;

e. Award reasonable attorney's fees and costs to the all Plaintiffs on Count I of the complaint; and

f. Award such other and further relief as this court may deem appropriate.

All Plaintiffs hereby demand a jury trial.

DATED: 10/19/07

Plaintiffs SAMANTHA LOPEZ (by and through her Legal Guardia, LILIANA CORTEZ), FILADELFO LOPEZ LARA, ALONZO LOPEZ, ANNA LOPEZ, and JULIA LOPEZ
By

_____
VICTOR MANUEL TORRES
Attorney for Plaintiffs

DATE: 10/19/07

_____
EZEKIEL E. CORTEZ
Attorney for Plaintiffs

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** SAMANTHA LOPEZ, A MINOR (BY & THROUGH HER LEGAL CUSTODIAN, LILIANA CORTEZ), FILADELFO LOPEZ LARA, ALONZO LOPEZ, et al

**(b)** County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) VICTOR MANUEL TORRES, 2664 FOURTH AVE., SAN DIEGO, CA 92103, EZEKIEL E. CORTEZ

**DEFENDANTS** 2007 OCT 19 AM 10:30
THE COUNTY OF SAN DIEGO, THE CITY OF VISTA & does 1-50
County of Residence of First Listed Defendant SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
DEPUTY

Attorneys (If Known)

'07 CV 2028   JLS WMc

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983, 1988
Brief description of cause:
WRONGFUL DEATH, EXCESSIVE FORCE, ASSAULT & BATTERY, ETC.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE
DOCKET NUMBER

DATE 10/18/07
SIGNATURE OF ATTORNEY OF RECORD - VICTOR M. TORRES

**FOR OFFICE USE ONLY**
RECEIPT # 143684  AMOUNT $350  APPLYING IFP 10/19/07  JUDGE  MAG. JUDGE

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

       # 143688      - KD

       October 19, 2007
           10:34:04

         Civ Fil Non-Pris
    USAO #.: 07CV2028-JLS
    Amount.:              $350.00 CK
    Check#.: BC 2930



       Total-> $350.00


    FROM: CIVIL FILING
          LOPEZ, MINOR, ET AL V. SAN DIE
          ET AL
```