JOHN J. SANSONE, County Counsel
County of San Diego
By DAVID G. AXTMANN, Senior Deputy (SBN 100176)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone: (619) 531-5649
Facsimile: (619) 531-6005
E-mail: david.axtmann@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA LOPEZ, a Minor, by and through her Legal Custodian, LILIANA CORTEZ, FILADELFO LOPEZ, LAURA ALONZO LOPEZ, ANNA LOPEZ & JULIA LOPEZ, as surviving heirs of DAVID ARNULFO LOPEZ, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal corporation, CITY OF VISTA, a municipal corporation & DOES 1-50, inclusive,<br><br>    Defendants. | No. 07CV2028-JLS(WMc)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' ENTIRE COMPLAINT, OR TO STRIKE EMOTIONAL DISTRESS ALLEGATIONS AND REQUIRE JOINDER OF NECESSARY PARTIES, FILED ON BEHALF OF DEFENDANT COUNTY OF SAN DIEGO**<br><br>[**Fed. Rules Civ. P., Rules 12(b)(6) and (7), and 12(f)**]<br><br>Date: June 27, 2008<br>Time: 10:30 a.m.<br>Courtroom: 6<br>The Honorable Janis L. Sammartino |

## I

## INTRODUCTION

This is a wrongful death action. Mr. Lopez died when he was shot while attacking sheriff's deputies who responded to a domestic violence call on the night of October 21, 2006. "The call was made by David Arnulfo Lopez's estranged wife." (Compl. at 3.) She reported that he had threatened her and the children with a knife. Lopez had a violent criminal history that included battery against his wife, as well as assaults on law

////

1 enforcement personnel.  He was 27 years old, unemployed, and lived at his father's
2 residence after his wife obtained a "stay away" order.  Lopez frequently violated the
3 order.

4       This case was filed on behalf of Samantha Lopez, who was the decedent's minor
5 child, his father, and his brother and two sisters. The decedent's wife and stepchildren are
6 not parties.  The complaint describes four causes of action: (1) "42 U.S.C. § 1983 –
7 Wrongful Death," (2) "Assault and Battery – Wrongful Death," (3) "Intentional Infliction
8 of Emotional Distress," and (4) "Negligence."  The first cause of action alleges the
9 violation of the decedent's constitutional rights guaranteed by the Fourth and Fourteenth
10 Amendments. (Compl. at 5-7.)  The second cause of action is for assault and battery
11 under California state law whereby the heirs seek damages for the loss or damage the
12 decedent sustained before his death.  (*Id*. at 7-8.)  The third cause of action for intentional
13 infliction of emotional distress for which the heirs' seek damages for their own severe
14 emotional distress. (*Id.* at 8.)  The fourth cause of action attempts to allege negligence by
15 way of some unknown duty to the plaintiffs.  (*Id.* at 9.)

16       The named plaintiffs, however, are not the persons capable of maintaining suit and
17 the allegations on their behalf do not state a claim.  In addition, not all of the heirs are
18 parties to the action, which is required.  The defendant therefore moves to dismiss all
19 claims for failure to state a claim upon which relief can be granted.  Defendant also
20 moves to strike plaintiffs' improper demand for emotional distress damages.  Finally, this
21 action cannot proceed in the absence of necessary parties.

22
23 **II**

**PLAINTIFFS' ENTIRE COMPLAINT IS
SUBJECT TO DISMISSAL**
24

25       When a complaint fails to state a claim upon which relief can be granted, a
26 defendant may move for dismissal of the entire complaint under Federal Rules of Civil
27 Procedure, rule 12(b)(6).  A motion to dismiss may be granted where there is either a lack
28 of a cognizable legal theory upon which to grant relief or the absence of sufficient facts

1  alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d
2  696, 699 (9th Cir. 1990).

3  The joinder of parties under Federal Rules of Civil Procedure rule 19 should be
4  ordered where the court cannot accord complete relief in their absence or they claim or
5  have an interest relating to the subject of the action.  Fed. R. Civ. P. 12(b)(7).

6  A motion to strike may be granted when the damages sought are not recoverable as
7  a matter of law.  Fed. R. Civ. P. 12(f); T*apley v. Lockwood Green Engineers, Inc.*, 502
8  F.2d 559 (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal.
9  1996).

## III

## PLAINTIFFS DO NOT HAVE STANDING BECAUSE THEY ARE NOT HEIRS

**A.   The Decedent's Siblings and Father Are Not Heirs**.

The ability to pursue a wrongful death action is derived from statute.  California Code of Civil Procedure, section 377.60 specifies those survivors that have standing to assert a cause of action for the death of another caused by a wrongful act:  (a) "The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession."  The wrongful death statute "limits the right of recovery to a class of persons who, because of the relation to the deceased, are presumed to be injured by his death [citation] and bars claims by persons who are not in the chain of intestate succession. [Citations.]" *Nelson v. County of Los Angeles*, 113 Cal.App.4th 783, 789, fn.6 (2003).

The complaint alleges that plaintiff Alonzo Lopez was the decedent's brother. (Compl. at 2.)  It also alleges that plaintiffs Anna Lopez and Julia Lopez were the

///

///

1  decedent's sisters.  (*Id.*)  None of these three plaintiffs have standing, and their purported
2  claims are barred because they are not in the chain of intestate succession.
3        Similarly, plaintiff Filadelfo Lopez Lara was the adult decedent's father. (*Id.*)  He
4  has not established standing based on the allegations of the complaint.  Absent a showing
5  of financial dependence, the father is also barred from pursuing the state law based
6  claims.  Cal. Code Civ. Proc., § 377.60(b); *Foster v. City of Fresno*, 392 F. Supp.2d
7  1140, 1146 (E.D. Cal. 2005).  The complaint should, therefore, be dismissed with
8  prejudice because the plaintiffs lack standing.

9        **B.    The Minor Plaintiff is Incompetent to Proceed**.

10        The complaint alleges that plaintiff Samantha Lopez is a minor. (Compl. at 1.)
11  California Code of Civil Procedure section 372 mandates that when a minor is a party,
12  that person shall appear through a guardian ad litem appointed by the court in which the
13  action is pending.  A guardian must be appointed as a matter of law.  *In re D.D.*, 144 Cal.
14  App. 4th 646, 652-653 (2005).  "It is vital."  *American Employers' Ins. Co. v. Lindquist*,
15  43 F. Supp. 610, 617, fn. 15 (N.D. Cal 1942).  Although the complaint vaguely refers to
16  Liliana Cortez as a "legal custodian" for Samantha Lopez, the relationship between them
17  is unexplained and there does not appear to be a record of this Court's approval of any
18  such legal representative for purposes of this action.
19        Further, California Code of Civil Procedure section 377.32 governs the
20  commencement of any action as a decedent's successor in interest and imposes specific
21  requirements relating to the decedent's estate and the rights of others to commence such
22  an action, which is particularly important in this case since the surviving spouse is not a
23  party.  (*See* Section VI, *infra*.)  Accordingly, the complaint should be dismissed.
24  ///
25  ///
26  ///
27  ///
28  ///

## IV

## THE FIRST CAUSE OF ACTION FAILS TO STATE ANY SECTION 1983 CLAIMS

**A.    No Unconstitutional Policy is Alleged Against the County.**

Section 1983 permits individuals to maintain a civil rights action when the government deprives them of any rights, privileges, or immunities guaranteed by the United States Constitution or other federal laws. See 42 U.S.C. § 1983. The statute is designed to protect individuals from abuse of state power by providing a cause of action against state and local officials who, acting within the scope of their duties, have deprived an individual of a cognizable federal right. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). A public entity, however, may be held liable under section 1983 only where one of its policies or customs causes the constitutional harm of which the plaintiff complains. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978). Moreover, *Monell* liability requires proof that the policy or custom was deliberately indifferent to citizens' rights and that it was the moving force behind the violation of the plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). There is no vicarious liability. *Monell*, 436 U.S. at 691.

Here, plaintiffs make no allegations of any deliberately indifferent policy, custom or practice on the part of the County of San Diego that was the moving force behind a pervasive use of excessive force by the Sheriff's Department. (See Compl. at 6: there was "an effort to intimidate Hispanic males.") Thus, the County should be dismissed as a defendant with respect to all section 1983 claims as set forth in the first cause of action.

**B.    The Plaintiff's Have Not Alleged A Violation of Their Rights.**

As set forth above, Section 1983 authorizes relief when a state or local official acting under color of law violates a party's federally protected rights. It is well established that the federally protected rights enforceable under section 1983 are "personal" to the injured party. Thus, "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v.*

*McShan*, 897 F.2d 495, 497 (10th Cir. 1990). The surviving spouse and children of a person killed by law enforcement officers may assert a substantive due process claim under the Fourteenth Amendment based upon a deprivation of a liberty interest arising out of their relationship with the deceased. *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 371 (9th Cir. 1998). However, they may not assert a claim based on the officers' alleged violation of the decedent's Fourth Amendment rights except in a representative capacity, because these rights are "personal" to the decedent. *Id.* at 369; *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir.), *cert. denied*, 484 U.S. 935 (1987).

The first cause of action alleges the rights of the decedent were violated, but then proceeds to allege damages sustained by the survivors. Plaintiffs lack standing to assert these causes of action. Accordingly, plaintiffs' first cause of action should be dismissed with prejudice.

**C.   The Plaintiffs Have Improperly Asserted a State Law Cause of Action**.

The first cause of action purports to assert a personal claim for "wrongful death" pursuant to United States Code sections 1983 and 1988. Section 1983 is not in itself the source of any substantive rights; rather, it is but an enabling statute that provides a method for vindicating federal rights elsewhere conferred by the United States Constitution and federal statutes. *Baker*, 443 U.S. at 144 n.3. As explained above, any section 1983 claim asserted in plaintiffs' individual capacity is limited to a Fourteenth Amendment claim.

With respect to plaintiffs' citation to section 1988, that section permits a district court to utilize the common law of the state in which it sits in cases where the laws of the United States "are not adapted to the object, or are deficient in the provisions necessary to furnish *suitable remedies* . . . ." 42 U.S.C. § 1988 (emphasis added).

A remedy is "[t]he means employed to enforce a right or redress an injury, as distinguished from right, which is a well founded or acknowledged claim." Black's Law Dictionary 1294 (6th ed. 1990). Section 1988 expressly authorizes the use of state

1  remedies in a section 1983 action; however, the Supreme Court has stated that section
2  1988 does not "authorize the federal courts to borrow entire causes of action from state
3  law." *Moor v. County of Alameda*, 411 U.S. 693, *reh'g denied*, 412 U.S. 963 (1973). As
4  a result, federal courts have refused to borrow an independent state wrongful death cause
5  of action in a 1983 action. *See, e.g., Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984). As a
6  result, the first cause of action, which attempts to "borrow" California's wrongful death
7  cause of action, contradicts established law and should be dismissed.

## V

### THE CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE A CLAIM

In their third cause of action, plaintiffs attempt to state a claim in their individual capacities for intentional infliction of emotional distress. To prevail in such a claim, they must allege and prove that the intentional or reckless conduct was directed at them or in their presence. "[I]t is not enough that an act be outrageous to state a cause of action for intentional infliction of emotional distress. Intentional means more than the nonaccidental nature of the wrongful act. That act must also be **directed** at the plaintiff or in the presence of the plaintiff." *Smith v. Pust*, 19 Cal. App. 4th 263, 274 (1993) (emphasis in original); *see also Shin v. Kong*, 80 Cal. App. 4th 498, 512 (2000), *review denied*.

The complaint contains no such allegations. Moreover, plaintiffs cannot amend their complaint to make such allegations because they clearly were not present when the complained of acts took place. (See Compl. at 3-4.) Plaintiffs cannot credibly claim that the defendants sought them out "with the intent of regaling [them] with a description" of the events preceding decedent's death. See *Smith*, 19 Cal. App. 4th at 274. Accordingly, the third cause of action should be dismissed with prejudice.

///
///
///

# VI

## EMOTIONAL DISTRESS DAMAGAES ARE NOT RECOVERABLE IN A REPRESENTATIVE CAPACITY

Plaintiffs seek damages for the emotional distress, pain and suffering that they allegedly experienced by reason of the decedent's death. However, damages for the mental suffering, grief and sorrow that naturally ensue from the death of a loved one are not recoverable in a wrongful death action. Cal. Code Civ. Proc. § 377.61; s*ee also Krouse v. Graham*, 19 Cal.3d 59, 72 (1977); *Canavin v. Pacific Southwest Airlines*, 148 Cal. App. 3d 512, 519 (1983). Moreover, California law restricts damages in survival actions brought by a decedent's successor in interest to "the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, **and do not include damages for pain, suffering, or disfigurement**." Cal. Code Civ. Proc. § 377.34 (emphasis added).

As discussed *supra*, the Federal Civil Rights Act does not specify remedies. Thus, courts addressing section 1983 claims normally will look to state law to answer damages questions, so long as the state law is consistent with the purposes of the Act. This procedure is set forth in section 1988. *Alvarez v. Wiley*, 71 Cal. App. 3d 599, 604 (1977); *Galindo v. Brownell*, 255 F. Supp. 930, 931 (S.D. Cal. 1966). California's rules precluding mental distress damages in wrongful death cases and survival actions are not inconsistent with the purposes of section 1983. *Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002); *see also Garcia v. Superior Ct.*, 42 Cal. App. 4th 177 (1996), *review denied*.

Plaintiffs' first cause of action seeks damages for the loss of decedent's love, society and companionship. The Ninth Circuit recognizes that children have a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of their parents. *Smith v. City of Fontana*, 818 F.2d 1411, 1419 (9th Cir.), *cert. denied*, 484 U.S. 935 (1987). Where liability exists, compensation

is provided for the value of the care, comfort and society that has been lost. The grief experienced by the surviving family member because of the death is not, however, part of that loss. The Fourteenth Amendment does not protect against the experience of emotions associated with the death of another. Accordingly, plaintiffs' claims for emotional distress damages should be stricken.

## VII
### THE FOURTH CAUSE OF ACTION FOR NEGLIGENCE FAILS TO STATE A CLAIM

The fourth cause of action purports to state a claim for negligence. However, the plaintiffs still must allege and prove the defendant owed them a duty of care. In the case at bench, the complaint alleges only that defendants "had a duty to plaintiffs to act … so as not to cause harm or injury to another. (Compl. at 9, emphasis added.) There is no legal authority that a duty was owed to plaintiffs under the alleged circumstances. "In cases of negligence, a plaintiff's action must be founded on a duty owed *to the plaintiff*; not a duty owed only to some other person. 'Negligence in the air, so to speak, will not do.'" *Shin*, 80 Cal. App. 4th at 506 (internal citations omitted) (emphasis added).

Therefore, the fourth cause of action as asserted by plaintiffs in their individual capacities should be dismissed with prejudice.

## VIII
### THERE MUST BE A SINGLE JOINT ACTION BY ALL HEIRS

A single joint cause of action is provided to all of the persons entitled to sue under California Code of Civil Procedure section 377.60, and only one action can be brought. Hence, unless the suit is by the personal representative as trustee for these persons, all of them must be joined in order to recover. *Corder v. Corder*, 41 Cal.4th 644, 652 (2007).

> "In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all for all recoverable damages; when it is said the action is single, it is meant that only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and

1  | when it is said that the action is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages. [Citation.]"

*Cross v. Pacific Gas & Elec. Co.*, 60 Cal.2d 690, 694 (1964).

The decedent's surviving wife, and perhaps his stepchildren (see Cal. Code Civ. Proc., § 377.60(b)), must be parties to this action and a plaintiff has a mandatory duty to include them. *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997); *Hall v. Superior Court*, 108 Cal. App. 4th 706, 715 (2003). The defense hereby objects to their absence. Until this case is dismissed with prejudice, it is abated until all surviving heirs are joined as necessary parties.

## CONCLUSION

Based upon the facts and applicable law set forth above, defendant respectfully submits the County of San Diego is entitled to dismissal of plaintiffs' entire complaint with prejudice and an award of costs of suit incurred herein because the plaintiffs are not the legal survivors or heirs of the decedent and the complaint fails to state a claim upon which relief may be granted, or alternatively, the necessary parties proceed with suit and the emotional distress allegations and damages be stricken because they are not recoverable in a wrongful death action. Moreover, plaintiffs should be cautioned to comply with Fed. R. Civ. P. 11.

DATED: February 25, 2008     Respectfully submitted,

JOHN J. SANSONE, County Counsel

By s/DAVID G. AXTMANN, Senior Deputy
Attorneys for Defendant County of San Diego
E-Mail: david.axtmann@sdcounty.ca.gov