JOHN J. SANSONE, County Counsel
County of San Diego
By DAVID G. AXTMANN, Senior Deputy (SBN 100176)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone: (619) 531-5649
Facsimile: (619) 531-6005
E-mail: david.axtmann@sdcounty.ca.gov

Attorneys for Defendants County of San Diego and City of Vista

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA LOPEZ, a Minor, by and through her Legal Custodian, LILIANA CORTEZ, FILADELFO LOPEZ, LAURA ALONZO LOPEZ, ANNA LOPEZ & JULIA LOPEZ, as surviving heirs of DAVID ARNULFO LOPEZ, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal corporation, CITY OF VISTA, a municipal corporation & DOES 1-50, inclusive,<br><br>Defendants. | No. 07CV2028-JLS(WMc)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' ENTIRE COMPLAINT OR TO STRIKE EMOTIONAL DISTRESS ALLEGATIONS AND REQUIRE JOINDER OF NECESSARY PARTIES, FILED ON BEHALF OF DEFENDANTS COUNTY OF SAN DIEGO AND CITY OF VISTA**<br><br>[**Fed. Rules Civ. P., Rules 12(b)(6) and (7), and 12(f)**]<br><br>Date: June 27, 2008<br>Time: 10:30 a.m.<br>Courtroom: 6<br>The Honorable Janis L. Sammartino<br><br>**No Oral Argument Unless Requested by the Court** |

## I

## PLAINTIFFS CONCEDE MOST POINTS IN SUPPORT OF THE MOTION TO DISMISS

Plaintiffs concede the following points:

///

07CV2028-JLS(WMc)

- The decedent's siblings, Laura Alonzo Lopez, Anna Lopez and Julie Lopez should be dismissed from the action because they are not heirs. (Plaintiffs' response at 6-7.)
- The allegations on behalf of the father, Filadelfo Lopez, fail to state a claim. (Plaintiffs' response at 7.)
- The daughter does not have a guardian, and that is required for her to proceed. (Plaintiffs' response at 8-9.)
- The surviving spouse is a necessary party. (Plaintiffs' response at 17.)
- The plaintiffs lack standing to assert constitutional violations on behalf of the decedent. (Plaintiffs' response at 10.)

The plaintiffs argue only that they have alleged an unconstitutional policy that violated the decedent's rights, they are entitled to their damages, and are further entitled to emotional distress damages. They are mistaken for the reasons stated in the motion to dismiss and as further discussed below.

## II

### PLAINTIFFS CANNOT STATE A CLAIM FOR EMOTIONAL DISTRESS

Plaintiffs argue that they can state a claim for intentional infliction of emotional distress. (Plaintiffs' response at 11-13.) In support of the argument, they offer dicta from a concurring opinion in *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal.3d 583 (1989). The facts and issues in *Marlene F.* are not on point. That case involved allegations of negligent infliction of emotional distress and *duty* where a therapist molested the son of his patient. The duty was inferred by law as a result of the physician-patient relationship and the mother was, therefore, a "direct victim" as opposed to a "bystander."[1] There is no such allegation in this case, and the defendants did not owe a duty to plaintiffs based merely on plaintiffs' relationship to the decedent. Therefore, the plaintiffs' only legal theory would be as bystander victims. The *Marlene F.* decision

---

[1] The fact pattern and issues presented in *Delia S. v. Torres*, 134 Cal.App.3d 471 (1982), cited by plaintiffs, are similarly distinguishable.

1  did not resolve the issue of "presence" under a bystander theory.  Plaintiffs' novel
2  argument has no application because the allegations reveal the defendants' actions were
3  not directed at plaintiffs, and the plaintiffs were not present when the incident occurred.

4  The California Supreme Court clearly requires presence.  *Thing v. La Chusa*, 48 Cal.3d 644 (1989), concluded that societal benefits of certainty in the law, as well as traditional concepts of tort law, dictate the limitation of emotional distress damages for bystanders.  In the absence of physical injury or impact to the plaintiff herself, damages for emotional distress are recoverable only if the plaintiff: (1) is *closely related* to the injury victim, (2) is *present* at the scene of the injury-producing event at the time it occurs and *is then aware* that it is causing injury to the victim, *and* (3) as a result suffers *emotional distress beyond* that which would be anticipated in a disinterested witness.  *Id.* at 647; *Martin v. United States*, 984 F.2d 1033, 1037 (9th Cir. 1993).

Presence is not an "artificial" requirement as suggested by plaintiffs.  (Plaintiffs' response at 13.)  Correctly put, it is a legal requirement and essential element of the cause alleged.  The plaintiffs admit they were not present.  (*Id*. at 11.)  Plaintiffs do not have a cause of action for intentional infliction of emotional distress and that claim must be dismissed.

**III**

**PLAINTIFFS CANNOT RECOVER EMOTIONAL DISTRESS DAMAGES FOR A WRONGFUL DEATH CLAIM AND CLAIMS BROUGHT IN A REPRESENTATIVE CAPACITY**

Plaintiffs contend that they may recover emotional distress damages in connection with their Section 1983 cause of action, citing several California district court decisions that say awarding emotional distress damages is consistent with Section 1983's deterrent and compensatory purposes.  However, plaintiffs overlook this Court's decision in *Maddux v. Philadelphia Life Ins. Co.*, 77 F. Supp. 2d 1123, 1134 (S.D. Cal. 1999) (California's survival statute expressly bars emotional distress damages).[2]  Plaintiffs also

---

[2] Cited and followed in *Moore v. County of Kern*, 2006 U.S. Dist. LEXIS 56428, *18-20 (E.D. Cal. 2006).

1  ignore the reasoning in a more recent decision by a Ninth Circuit court.  This decision
2  holds that California's rules precluding mental distress damages in wrongful death cases
3  and survival actions are not inconsistent with the purposes of section 1983.  *Venerable v.*
4  *City of Sacramento*, 185 F.Supp. 2d 1128 (E.D. Cal. 2002).

5  After noting the various decisions cited by the plaintiffs here that declined to apply
6  California's limitation on recovery of a decedent's pain and suffering, the *Venerable* court
7  refused to follow their lead, noting the weakness inherent in their logic:

> "It is not at all obvious that…the need [exists] to include an award of pain and suffering for the decedent in addition to other possible damages in order to vindicate the [deterrent] purposes of section 1983. … [T]he court declines to adopt the cynical proposition that law enforcement officers generally prefer to run the risk of inflicting death than of merely maiming a victim because death cuts off a claim for pain and suffering by the decedent.  As the Supreme Court noted in *Robertson*, '[a] state official contemplating illegal activity must always be prepared to face the prospect of a section 1983 action being filed against him.  In light of this prospect, ***even an official aware of the intricacies of [state] survivorship law would hardly be influenced in his behavior by its provisions***.'  And if deterrence is not demonstrably affected by the limitation on damages, ***nor is fair compensation implicated given that 'the goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate***.'"  *Venerable v. City of Sacramento*, 185 F. Supp. 2d at 1133 (quoting *Robertson v. Wegmann*, 436 U.S. 584, 592 (1978) (internal citations omitted) (emphasis added).

18  Because no evidence suggests that awarding damages for pain and suffering serves
19  either the deterrent or the compensatory purpose of Section 1983, California's limitation
20  on mental distress damages in wrongful death cases and survival actions should be
21  upheld.  Plaintiffs' request for emotional distress damages should be stricken.

22  DATED:  February 25, 2008     Respectfully submitted,

23                                JOHN J. SANSONE, County Counsel

24                                By s/DAVID G. AXTMANN, Senior Deputy
                                  Attorneys for Defendants County of San Diego and
25                                City of Vista
                                  E-Mail: david.axtmann@sdcounty.ca.gov

Declaration of Service

I, the undersigned, declare:

That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On March 26, 2008, I served the following documents: **Memorandum of Points and Authorities in Reply to Plaintiffs' Opposition to Motion to Dismiss Plaintiffs' Entire Complaint or to Strike Emotional Distress Allegations and Require Joinder of Necessary Parties, Filed on Behalf of Defendants County of San Diego and City of Vista** in the following manner:

☐ By personally delivering copies to the person served.

☐ By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☐ By faxing a copy to the person served. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☒ By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

Victor Manuel Torres: E-Mail lawforvatos@yahoo.com
Ezekiel E. Cortez: E-Mail lawforjustice@aol.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 26, 2008, at San Diego, California.

By: s/DAVID G. AXTMANN

[**Samantha Lopez, etc., et al. v. County of San Diego, et al.; United States District Court No. 07cv2028-JLS(WMc)**]