# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA LOPEZ, a Minor, by and through her Legal Custodian, LILIANA CORTEZ, FILADELFO LOPEZ, LAURA ALONZO LOPEZ, ANNA LOPEZ & JULIA LOPEZ, as surviving heirs of DAVID ARNULFO LOPEZ, deceased,<br><br>                        Plaintiffs,<br>vs.<br>COUNTY OF SAN DIEGO, a municipal corporation, CITY OF VISTA, a municipal corporation & DOES 1-50, inclusive,<br><br>                        Defendants. | CASE NO. 07cv2028 JLS (WMc)<br><br>**ORDER: DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE** |

      Presently before the Court is Defendants' motion to dismiss [Doc. No. 3], Plaintiffs' opposition [Doc. No. 4.], and Defendants' reply [Doc. No. 8.] For the following reasons, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiffs' complaint without prejudice.

## BACKGROUND

      Plaintiffs bring this action against Defendants for the wrongful death of David Arnulfo Lopez. On October 21, 2006, San Diego Sheriff Deputies responded to a domestic violence call originating from the Vista Terraces Mobile Home Park in Vista, California. [Pls.' Opp. at 4-5.] Mr. Lopez's wife made the call because her husband was allegedly threatening her and their children with a knife. **[**Defs.' Motion at 1-2.] Defendants state that Mr. Lopez attacked the

responding Deputies, the Deputies shot him, and that he later died as a result. **[**Id.**]** Plaintiffs allege, in part, that Defendants used excessive force by shooting Mr. Lopez in the back while he was running away. [Pls.' Opp. at 5-6.] As a result, Plaintiffs are seeking relief for: (1) wrongful death under 42 U.S.C. § 1983; (2) excessive force under 42 U.S.C. § 1983; (3) assault; (4) battery; (5) intentional infliction of emotional distress; and (6) negligence. [See Compl.] Defendants now move to dismiss the complaint on various grounds.

## LEGAL STANDARD

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his or her right to relief "above the speculative level." See Bell Atlantic Corp. v. Twombly, ___U.S.___, 127 S. Ct. 1955, 1964-65 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Twombly, 127 S. Ct. at 1974.

## ANALYSIS

**I.   The Section 1983 Claim is Dismissed**

Plaintiffs stipulate that they lack standing to assert constitutional violations on behalf of the decedent because they do not bring the claims in a "representative capacity." They request leave to amend the complaint to fix this defect in the first cause of action. [Pl.'s Opp. at 10.] The Court **GRANTS** the request and **DISMISSES** the first cause of action without prejudice.

**II.     The State Claims for Assault, Battery, and Wrongful Death are Dismissed**

Plaintiffs stipulate that Laura Alonzo Lopez, Anna Lopez, and Julie Lopez, the decedent's siblings, do not have standing to sue under California law. [Id. at 6-7.] Plaintiffs stipulate that they failed to establish standing for the decedent's father, Filadelfo Lopez, because they did not plead his financial dependence on the decedent. [Id. at 7.] Plaintiffs stipulate that they failed to join Mr. Lopez's surviving spouse–a "necessary party." [Id. at 17.] Plaintiffs stipulate that the decedent's minor daughter, Samantha Lopez, cannot proceed because she does not have a guardian to represent her. [Id. at 9.] Plaintiffs request leave to amend the complaint to fix these defects in the second cause of action. The Court **GRANTS** Plaintiffs' request and **DISMISSES** the second cause of action without prejudice.[1]

**III.     The Intentional Infliction of Emotional Distress Claim is Dismissed**

Plaintiffs concede that they were not present when Mr. Lopez was shot by the Sheriff Deputies. [Pl.'s Opp. at 11.] A claim based on the theory of "bystander" emotional distress accrues when a plaintiff: (1) is closely related to injury victim; (2) is present at the scene of the injury producing event and is aware that the victim is being injured; and (3) suffers emotional distress beyond that which would be anticipated in a disinterested witness. Ovando v. City of Los Angeles, 92 F. Supp. 2d 1011, 1024 (C.D. Cal. 2000) (citing Campanano v. Cal. Med. Ctr., 38 Cal. App. 4th 1322, 1328 (1995); see also Thing v. La Chusa, 48 Cal. 3d 644, 648 (1989) (stating same). Plaintiffs were not at the "injury producing event," and therefore the Court **DISMISSES** the intentional infliction of emotional distress claim without prejudice.

**IV.     The Negligence Claim is Dismissed**

Plaintiffs fail to state a claim for negligence because they do not adequately allege that Defendants owed them a duty of care. Plaintiffs state that Defendants: "had a duty to plaintiffs to act with ordinary care and prudence so as not to cause harm or injury to another." [Compl. ¶ 40.]

---

[1] Plaintiffs request that the Court appoint the minor's mother, Liliana Cortez, to represent her. Plaintiffs may file a request with supporting authority in a separate motion.

However, "[b]ystander duty is recognized only when the bystander (1) is closely related to plaintiff, (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim, and (3) suffers emotional distress beyond that which would be anticipated in a disinterested witness." Martin v. United States, 984 F.2d 1033, 1037 (9th Cir. 1993) (citing Thing, 48 Cal. 3d at 647).  Here, as mentioned, Plaintiffs were not present at the "injury producing event."  Therefore, the Court **DISMISSES** Plaintiffs' negligence claim without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiffs' complaint without prejudice. Plaintiffs have 30 days from the date of this order to amend their complaint.[2]

IT IS SO ORDERED.

DATED:  April 15, 2008

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

---

[2]  The Court is aware that Defendants moved to dismiss the complaint on other grounds that were not addressed in this order.  However, the Court need not address those issues at this stage because the entire complaint has been dismissed.  Defendants are free to raise those issues again in a subsequent motion to dismiss.