**Victor Manuel Torres, Esq.** (SBN 140862)
406 Ninth Avenue, Suite 311
San Diego, California 92101
Telephone: (619) 232-8776
Facsimile: (619) 232-5854

**Ezekiel E. Cortez, Esq.** (SBN 112808)
1010 Second Ave., Suite 1850
San Diego, California 92101
Telephone: (619) 237-0309

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA LOPEZ, a minor, by and through her Guardian Ad Litem Liliana Cortez; SAMANTHA LOPEZ, a minor, by and through her Guardian Ad Litem Liliana Cortez, as Successor in Interest of David A. Lopez, deceased<br><br>            Plaintiffs,<br><br>  vs.<br><br>THE COUNTY OF SAN DIEGO, a municipality;   THE CITY OF VISTA, a municipality; SAN DIEGO COUNTY SHERIFF WILLIAM KOLENDER, individually and in his official capacity ; SAN DIEGO COUNTY SHERIFF OFFICER SHAWN AITKEN, individually and in his official capacity ; SAN DIEGO COUNTY SHERIFF OFFICER JACOB PAVLENKO, individually and in his official capacity; SAN DIEGO COUNTY SHERIFF OFFICER JONATHAN FECTEAU, individually and in his official capacity; ARACELI GOCOBACHI, an individual;  DOES 1 through 20, inclusive,<br><br>            Defendants. | CASE NO.  07CV2028-JLS(WMc)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1)   VIOLATION OF CIVIL RIGHTS CAUSING WRONGFUL DEATH AND SURVIVAL ACTION;<br><br>2)   FAILURE TO SUPERVISE CAUSING CONSTITUTIONAL VIOLATIONS;<br><br>3)   NEGLIGENCE CAUSING WRONGFUL DEATH AND SURVIVAL ACTION; and<br><br>4)   BATTERY CAUSING WRONGFUL DEATH AND SURVIVAL ACTION.<br><br>**DEMAND FOR JURY TRIAL** |

# JURISDICTION

1. The Court has jurisdiction over this action pursuant to 28 U.S.C., Sections 1331 and 1343.  The Court also has supplemental jurisdiction over the state claims and over defendants The County of San Diego, The City of Vista, San Diego County Sheriff William Kolender, San Diego County Sheriff's Officers Shawn Aitken, Jacob Pavlenko, Jonathan Fecteau, and defendant Araceli Gocobachi,  and Does 1 through 20, pursuant to 28 U.S.C., Section 1367.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and 1997.

# VENUE

2. Venue over plaintiffs' claim is proper in the Southern District of California because plaintiff Samantha Lopez  resides  in the County of San Diego, and one or more of the defendants' principal place of business is in the  County of San Diego, State of California, and the incident complained of occurred in the Southern District of California.   28 U.S.C., Section 1391(b)(2).

# PARTIES

3. Plaintiff Samantha Lopez, a minor, was born on October 12, 2000 and  is currently residing in the  County of San Diego, State of California, and is the surviving child  and heir of the decedent David A. Lopez (hereinafter referred to as "Lopez"). Plaintiff's Guardian Ad Litem, Liliana Cortez, is the mother of the minor plaintiff and resides in San Diego County.   The decedent Lopez  was born on June 6, 1979, and was 27 years old at the time of his death. Plaintiff   Samantha Lopez  would be entitled to the property of Lopez, deceased, under the laws of intestate succession.  Plaintiff is the natural child of Lopez,  deceased.  Persons of this degree of kinship would be entitled to the property of the decedent by intestate succession pursuant to the provisions of California Probate Code section 6402 (b).  Lopez, deceased, has a  surviving spouse, Araceli Gocobachi, who is sued herein as a nominal defendant in order that all necessary parties to this

lawsuit are before the court. Plaintiff Samantha Lopez and defendant Araceli Gocobachi are Lopez's surviving heirs pursuant to California Code of Civil Procedure § 377.60. Plaintiff Samantha Lopez is Lopez's successor in interest pursuant to California Code of Civil Procedure section 377.32.

4. Defendant The County of San Diego (hereinafter referred to as "County"), is a public entity existing under the laws of the State of California and is a chartered subdivision of the State of California with the capacity to sue and be sued and is the employer of the defendants San Diego County Sheriff William Kolender, San Diego County Sheriff Officers Shawn Aitken, Jacob Pavlenko, and Jonathan Fecteau. Defendant County is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the San Diego County Sheriff's Department (hereinafter referred to as "SCSD") and its agents and employees. At all times relevant to the facts alleged herein, defendant County was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the SCSD and its employees complied with the laws and the Constitutions of the United States and of the State of California.

5. Defendant The City of Vista (hereinafter referred to as "Vista"), is a public entity existing under the laws of the State of California and is a charted subdivision of the State of California with the capacity to sue and be sued. Vista entered into an agreement and contracted with the County so that the County would provide certain law enforcement services of the SCSD within the City of Vista. Defendant Vista is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including contractual agents, such as the San Diego County Sheriff's Department and its agents and employees. At all times relevant to the facts alleged herein, defendant Vista was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the SCSD and its employees complied with the laws and the Constitutions of the United States and of the State of California.

6. Defendant San Diego County Sheriff William Kolender (hereinafter referred to as

"Sheriff Kolender") is the Sheriff of San Diego County, an elected position.  He is sued in his individual and official capacity.  He is charged by law with the administration of defendant SCSD and for the supervision, training, discipline, control and hiring of persons working within the SCSD, including all sheriff officers and specifically including defendant San Diego County Sheriff officers Shawn Aitken, Jacob Pavlenko, Jonathan Fecteau, and DOES 1 through 20, inclusive.

7.   Defendants San Diego County Sheriff Officers  Shawn Aitken  (hereinafter referred to as "Aitken"), Jacob Pavlenko (hereinafter referred to as "Pavlenko"), Jonathan Fecteau (hereinafter referred to as "Fecteau"),  and "DOE" Officers 1 through 20, were at all times mentioned herein, sheriff officers with defendant County and SCSD, acting within the course and scope of their employment and under color of law, to wit, under color of the statutes, ordinances , regualtions, policies, customs and usages of the State of California and/or the County of San Diego and SCSD.   They are sued in their individual and official capacities.

8.   Plaintiffs are informed and believe and thereon allege that defendants, and each of them,  and defendants sued herein as DOES 1 through 20, inclusive, are officers, agents or employees of the defendant County  and the SCSD and were at all relevant times acting in the course and scope of their employment.  Each defendant is the agent of the other.  Plaintiffs allege that each of the defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and plaintiffs will ask leave of this Court to amend this complaint to allege such name, capacity and responsibility when that information is ascertained.

9.    On or about April 20, 2007,   plaintiffs filed a claim with the City of Vista  for the injuries and losses alleged herein.  On or about May 10, 2007,  the claim was denied.  On or about April 20, 2007,   plaintiffs filed a claim with the County of San Diego  for the injuries and losses alleged herein.  On or about May 21, 2007,  the claim was denied.

**First Amend Complaint**  -4-

## PRELIMINARY ALLEGATIONS

10.     This action is brought under Title 42 U.S.C. §§1983, 1988, and on the Fourth and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the United States and of the State of California , for personal injuries and violations of constitutional rights resulting in the wrongful death of Lopez.  Plaintiffs allege that the conduct of  of the defendants, and each of them, in their official and individual capacities, deprived each plaintiff individually of their constitutionally protected right to a familial relationship, and deprived decedent Lopez  of his right to life.  Plaintiffs also allege an unlawful and illegal seizure and an unreasonable, unjustified , and illegal use of deadly force that resulted in the death of Lopez.  Additionally, a survival action under 42 U.S.C. section 1983 is alleged.  State claims of negligence, battery, and wrongful death and a survival action  are alleged as well.  Plaintiffs hereby petition the Attorney General of the United States to institute a civil or criminal action or intervene in this action pursuant to the Civil Rights Act, 42 U.S.C. §1983, et seq.

11.     At all times relevant to the facts alleged herein, defendants and each of them, including Does 1 through 20, were duly appointed, qualified and acting officers, employees, and/or agents of County and Vista  and/or SCSD,  and acting within the course and scope of their employment,   and /or agency, and under color of state law.  Each of the defendants caused and is responsible for the unlawful conduct and resulting damages by, among other things, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to plaintiffs' and decedent Lopez's  rights, to initiate and maintain adequate hiring,  supervision, monitoring, control,  discipline , training, and retention policies;

and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control. Whenever and wherever reference is made in this complaint to any act by a defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each defendant individually, jointly and severally.

## FACTS

12. On October 21, 2006 several SCSD officers, including defendants Aitken, Pavlenko, Fecteau, and Doe officers 1 through 20, while on duty with the SCSD, confronted the decedent Lopez outside a residence at the Vista Terraces Mobile Home Park in Vista. Lopez ran from the officers. After a short foot pursuit of Lopez, the defendants and each of them, including defendants Aitken, Pavlenko, and Fecteau, and Does 1-20, while under no threat from Lopez and with Lopez posing no threat to others, shot Lopez numerous times in the back resulting in personal injuries, losses, and the subsequent death of Lopez on October 21, 2006.

**FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S. CODE SECTION 1983 AGAINST DEFENDANTS THE COUNTY OF SAN DIEGO AND THE CITY OF VISTA; AND DEFENDANT SAN DIEGO COUNTY SHERIFF OFFICERS AITKEN, PAVLENKO, AND FECTEAU, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, AND DOES 1-20, FOR THE WRONGFUL DEATH OF DAVID A. LOPEZ.**

13. Plaintiffs refer to paragraphs 1 through 12 above and incorporates them by reference herein as though fully set forth.

14. This action arises within the Title 42 of the United States Code, §§1983 and 1988, and the United States Constitution, and common law principles.

15. As set forth above, decedent Lopez and all plaintiffs were subjected to deprivation of rights by defendants, and each of them, acting or pretending to act under color of law

and statutes, ordinances, regulations and customs and usages of the laws of United States, State of California and of the County of San Diego, which rights included, but are not limited to, privileges and immunities secured to decedent Lopez and all plaintiffs' herein by the Constitution and laws of the United States, and particularly:

    a. Decedent David A. Lopez's right to be free from excessive and unreasonable force and seizure in violation of his rights protected under the 4th Amendment; and

    b. Decedent David A. Lopez's right to not be deprived of life or liberty without due process of law in violation of his rights protected under the 4th Amendment and 14th Amendment; and

    c. The plaintiff's right to a familial relationship with her father in violation of her rights protected under the 14th Amendment.

Each of these deprivations of a constitutional right caused Lopez's death. The acts of the defendants, and each of them, thereby caused a deprivation of plaintiffs' constitutionally protected liberty interest in familial companionship and society, all to plaintiffs' damages as alleged herein.

16.    Plaintiffs allege that the defendants' wrongful conduct legally caused each plaintiff's wrongful death damages in the form of loss of love, affection, attention, comfort, care, advice, training, guidance, contributions, financial support, companionship, society, solace, services, and moral support, all arising from the wrongful death of Lopez. Plaintiffs allege that the wrongful conduct of these defendants and Does 1 through 20 legally caused plaintiffs' general and special damages as allowable pursuant to law in an amount according to proof at trial.

17.    As a further direct and proximate result of the wrongful conduct by defendants, and each of them, the plaintiffs have incurred funeral and burial expenses in a sum according to proof at trial.

18.    Plaintiffs also bring this lawsuit as a survival action, entitling them to recovery for loss, damage, or harm sustained by the decedent Lopez prior to his death, including

penalties or punitive or exemplary damages the decedent would have been entitled to recover had he lived.

19. By virtue of the provisions of 42 U.S.C., Section 1988, plaintiffs are entitled to an award of reasonable attorneys' fees and costs according to proof.

20. In committing the acts alleged above, the individual defendant sheriff officers Aitken, Pavlenko, Fecteau, and Does 1-20, acted maliciously, wantonly, and recklessly in disregard for the constitutional rights of Lopez and of plaintiffs, and by reason thereof, plaintiffs' are entitled to exemplary and punitive damages against Aitken, Pavlenko, Fecteau, and Does 1-20 in an amount to be proven at trial.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS THE COUNTY OF SAN DIEGO, THE CITY OF VISTA, AND SAN DIEGO COUNTY SHERIFF WILLIAM KOLENDER AND DOES 1 THROUGH 20, FOR FAILURE TO SUPERVISE CAUSING CONSTITUTIONAL VIOLATIONS**

21. Plaintiffs reallege and incorporate herein by reference the allegations of the preceding paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Plaintiffs are informed and believe and thereon allege that defendants County, Vista, Sheriff Kolender, and Does 1-20 knew, or in the exercise of reasonable care, should have known, prior to the death of Lopez, of a history, propensity and pattern of certain San Diego County Sheriff's officers, and particularly of defendant sheriff officers Aitken, Pavlenko, Fecteau, and Does 1-20's history, propensity, and pattern of unreasonable use of excessive force and unreasonable use of deadly force. Prior to using excessive and unreasonable deadly force and killing Lopez on October 21, 2006 defendants Aitken, Pavlenko, Fecteau, and Does 1-20, were the subject of prior complaints and investigations of excessive force and of unreasonable use of deadly force. These complaints and investigations were known to the defendants and each of them, including County, Vista, and Sheriff Kolender. Notwithstanding County's,

Vista's, and Sheriff Kolender's knowledge of this information and of the history of excessive force and unreasonable use of deadly force, Aitken, Pavlenko, Fecteau, and Does 1-20 continued their duties as a SCSD officers patrolling the City of Vista. Sheriff Kolender and Does 1 through 20 disregarded this information and failed to adequately investigate and discover this pattern and practice of unconstitutional violations and wrongful conduct or the existence of facts which created the potential of unconstitutional acts, thereby violating their duty to train, supervise, discipline and instruct their subordinates to prevent similar acts to other persons. County, Vista, and Sheriff Kolender failed to take steps to properly train, supervise, investigate, control, discipline, or instruct Aitken, Pavlenko, Fecteau, and Does -20, and as a result decedent Lopez was killed in the manner threatened by the pattern or practice.

23. At all times herein mentioned, and prior thereto, defendants County, Vista, and Sheriff Kolender, and DOES 1 through 20, had the duty to:

    a. Objectively investigate excessive force and unreasonable use of deadly force claims, and where appropriate, reprimand, discipline, retrain, instruct or sanction SCSD officers found to have used excessive force or unreasonable deadly force;

    b. Train and instruct SCSD officers to respect and not violate federal constitutional and statutory rights of persons;

    c. Supervise SCSD officers to ensure that they did not have a practice or pattern to use excessive force, or unreasonable deadly force, or covering up of excessive force or unreasonable use of deadly force; and

    d. Investigate officer involved shootings in a manner consistent with accepted criminal investigations in order to avoid cover ups of excessive force, unreasonable use of deadly force, and misconduct.

24. Defendants County, Vista, Sheriff Kolender and Does 1 through 20 breached said duties, and each of them, as follows:

    a. By failing, neglecting and refusing to objectively investigate excessive force and unreasonable use of deadly force complaints or to impose disciplinary

sanctions on SCSD officers who are suspected of using excessive force or unreasonable deadly force, or to have made false statements;

b. By failing, neglecting and refusing to train and discipline SCSD officers to respect or protect constitutional and statutory rights of persons;

c. By failing, neglecting, and refusing to supervise SCSD police officers such as Aitken, Pavlenko, and Fecteau where they have a pattern of using excessive force or unreasonable deadly force;

d. By maintaining a policy that allows investigation of officer involved shootings in a manner inconsistent with accepted criminal investigations and that promotes cover ups of excessive force and misconduct and encourages the "Code of Silence".

25. As a legal result of the conduct of defendants as described above, plaintiffs were damaged and injured as alleged herein and request attorney fees and costs pursuant to 42 U.S.C § 1988.

## THIRD CLAIM FOR RELIEF FOR NEGLIGENCE CAUSING WRONGFUL DEATH AGAINST ALL DEFENDANTS.

26. The allegations of paragraphs 1 through 12, 16, 17, 18, and 20, and each of them, are incorporated herein by reference as though fully set forth herein.

27. On or about October 21, 2006, defendants, and each of them, were under a duty of care to properly apply, effectuate and use proper police patrol tactics, proper use of force, and proper use of deadly force, and proper use of less than lethal force, consistent with the duty of care applicable to all law enforcement persons and agencies. On or about October 21, 2006, and at all times mentioned herein, Lopez was subject to the unreasonable and negligent use of force and the unreasonable and negligent use of deadly force by defendants, and each of them, and particularly by defendants Aitken, Pavlenko, Fecteau, and Does 1-20. Defendants, and each of them, breached their duties

of care in that deadly force was unreasonably used, and thus defendants, and each of them, were negligent in the performance of their police officer tactics and duties, use of force, and use of deadly force, in that their conduct fell below the standard of care for law enforcement officers , resulting in Lopez's death and causing the injuries and damages alleged herein.

28.     Defendants, and each of them, and DOES 1 through 20, acting within the course and scope of their employment with each of the other defendants, breached their duty to assure the competence of defendant officers Aitken, Pavlenko, Fecteau, and Does 1-20, in that they failed to exercise ordinary care under the circumstances herein alleged to evaluate and to assure the competence of officers Aitken, Pavlenko, Fecteau, and Does 1-20, thus breaching their duty of selecting, training, reviewing, controlling, supervising, disciplining and periodically evaluating the competency of officers Aitken, Pavlenko, Fecteau, and Does 1-20.   This breach of duty of careful selection, training, control, discipline, review, supervision and periodic evaluation of the competency of SCSD officers created an unreasonable risk of harm to persons such as Lopez and plaintiffs and resulted in the damages alleged herein.

29.    As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, Lopez was killed and plaintiffs have suffered the wrongful death, survivorship, and other damages as alleged in this complaint, including exemplary and punitive damages against officers Aitken, Pavlenko, Fecteau, and Does 1-20.

### FOURTH  CLAIM FOR RELIEF FOR BATTERY AGAINST DEFENDANT SAN DIEGO COUNTY SHERIFF OFFICERS AITKEN, PAVLENKO, FECTEAU, AND DOES 1 THROUGH 20.

30.    Plaintiffs restate and reiterate paragraphs 1 through 12, 16, 17, 18, and 20 of this

complaint and incorporate them by reference as though fully set forth herein.

31.     On or about October 21, 2006, and at all times mentioned herein, Lopez was subjected to a battery by defendants Aitken, Pavlenko, Fecteau, and Does 1-20, acting within the scope and course of their employment with the County, Vista, and SCSD, in that Aitken, Pavlenko, Fecteau, and Does 1-20 intentionally, unreasonably, unlawfully, unjustifiably, and without consent, shot and killed Lopez, resulting in the wrongful death, survivorship, and other damages, including punitive damages against Aitken, Pavlenko, Fecteau, and Does 1-20, alleged in this complaint.

**WHEREFORE,** Plaintiffs pray for judgment against defendants, and each of them, and Does 1 through 20 jointly and severally, as follows:

1.     That the Court declare the conduct, policies, customs, and practices of the County of San Diego and the San Diego County Sheriffs Department are unconstitutional;

2.     For general damages according to proof;

3.     For special damages according to proof;

4.     For wrongful death damages, including but not limited to loss of affection, love, attention, comfort, care, advice, guidance, solace, moral support, companionship, society, contributions, financial support, services, training, and prospective gifts in an amount to be proven at trial;

5.     For survivorship damages and losses incurred by the decedent Lopez prior to his death including punitive damages;

6.     For burial, funeral, and like expenses in an amount to be proven at the time of trial;

7. For punitive damages against individual defendant sheriff officers Aitken, Pavlenko, and Fecteau in an amount to be determined at trial;

8. For costs of suit and reasonable attorneys' fees pursuant to 42 USC, Sections 1988, as permitted by law; and

9. For such further relief as the Court deems just and equitable.

Dated: May 14, 2008

By:   /s/ Victor Manuel Torres
Victor Manuel Torres, Attorney for Plaintiffs

/s/ Ezekiel E. Cortez
Ezekiel E. Cortez, Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff's hereby demand a trial by jury through their counsel of record.

Dated: May 14, 2008

By:   /s/ Victor Manuel Torres
Victor Manuel Torres, Attorney for Plaintiffs

/s/ Ezekiel E. Cortez
Ezekiel E. Cortez, Attorney for Plaintiffs