1   JOHN J. SANSONE, County Counsel
    County of San Diego
2   By DAVID G. AXTMANN, Senior Deputy (SBN 100176)
    1600 Pacific Highway, Room 355
3   San Diego, California 92101
    Telephone: (619) 531-5649
4   Facsimile: (619) 531-6005
    E-Mail: david.axtmann@scounty.ca.gov
5

6   Attorneys for Defendants County of San Diego and City of Vista

7

8                  **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  SAMANTHA LOPEZ, a Minor, by and through her Legal Custodian, LILIANA CORTEZ, FILADELFO LOPEZ, LAURA ALONZO LOPEZ, ANNA LOPEZ & JULIA LOPEZ, as surviving heirs of DAVID ARNULFO LOPEZ, deceased,  )<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal corporation, CITY OF VISTA, a municipal corporation & DOES 1-50, inclusive,<br><br>Defendants. | No. 07CV2028-JLS(WMc)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**[Defendants' Demand For Jury Trial]** |

20      Defendants County of San Diego and City of Vista answer plaintiff's first

21  amended, and request a jury trial, as follows:

22      1.   Answering paragraphs 1, 2, 3, and 8 of the first amended complaint,

23  defendants lack sufficient information to form a belief as to the truth of the allegations

24  contained therein and thus deny generally and specifically each and every allegation

25  contained therein.

26      2.   Answering paragraph 4 of the first amended complaint, defendants deny

27  generally and specifically each and every allegation contained therein, except

28  ///

                                                            07CV2028-JLS(WMc)

1  defendants admit that the County of San Diego is a public entity and a subdivision of

2  the State of California.

3    3.    Answering paragraph 5 of the first amended complaint, defendants deny

4  generally and specifically each and every allegation contained therein, except

5  defendants admit that the City of Vista is a public entity.

6    4.    Answering paragraph 6 of the first amended complaint, defendants deny

7  generally and specifically each and every allegation contained therein, except

8  defendants admit that William Kolender is the Sheriff of San Diego County.

9    5.    Answering paragraph 7 of the first amended complaint, defendants deny

10  generally and specifically each and every allegation contained therein, except

11  defendants admit that Shawn Aitken, Jacob Pavlenko, and Jonathan Fecteau were

12  sheriff's deputies employed by the County of San Diego in the Sheriff's Department.

13    6.    Answering paragraphs 9, 10 through 12, 14 through 20, 22 through 25, 27

14  through 29, and 31 of the first amended complaint, defendants deny generally and

15  specifically each and every allegation contained therein.

16    7.    Answering paragraphs 13, 21, 26, and 30 of the first amended complaint,

17  defendants reallege and incorporate herein by reference all paragraphs above as though

18  each were realleged in full pursuant to its corresponding paragraph of plaintiff's

19  complaint.

20                                    AFFIRMATIVE DEFENSES

21                                                  1

22    As a first, separate and distinct affirmative defense, defendants allege that the

23  first amended complaint fails to state facts sufficient to constitute a cause of action

24  upon which relief can be granted.

25                                                  2

26    As a second separate and distinct affirmative defense, said defendants allege that

27  plaintiffs and plaintiff's decedent acted unreasonably, carelessly and negligently in and

28  about the matters alleged in the complaint in that they did not exercise ordinary care,

1  caution or prudence for their own safety and protection.  Said acts of unreasonableness,

2  carelessness and negligence were the proximate cause of the alleged injuries, losses

3  and damages, if there were any.  However, if said defendants are found legally

4  responsible to plaintiffs, then said defendants provisionally allege that the acts or

5  omissions of said defendants were not the sole and proximate cause of plaintiff's

6  injuries and damages and that the damages awarded are to be apportioned according to

7  the respective fault and legal responsibility of all parties, persons and entities who

8  contributed to and/or caused said injuries and damages, according to proof presented at

9  the time of trial.

10                                                        3

11         As a third, separate and distinct affirmative defense, said defendants allege that

12  it is not liable for common-law negligence and is only liable pursuant to statute by

13  operation of section 815 of the Government Code.

14                                                        4

15         As a fourth, separate and distinct affirmative defense, said defendants allege that

16  they are not liable by operation of sections 815.2, subdivision (b), and 820.2 of the

17  Government Code in that the injuries and damages, if there were any, were the result

18  of the exercise of the discretion vested in public officers and employees.

19                                                        5

20         As a fifth, separate and distinct affirmative defense, said defendants allege that

21  they are not liable by operation of sections 815.2, subdivision (b), and 820.4 of the

22  Government Code for the execution or enforcement of the law by public officers or

23  employees exercising due care.

24                                                        6

25         As a sixth, separate and distinct affirmative defense, said defendants allege that

26  they are not liable by operation of sections 815.2, subdivision (b), and 820.8 of the

27  Government Code in that the injuries and damages, if there were any, were caused by

28  the acts or omissions of other persons, not officers or employees of defendants.

7

As a seventh, separate and distinct affirmative defense, said defendants allege that on or before the date of the subject incident, plaintiffs and plaintiff's decedent knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in said complaint.

8

As an eighth, separate and distinct affirmative defense, defendants allege that the conduct of plaintiff's decedent was an intervening superseding cause of plaintiff's injuries, if any.

9

As a ninth, separate and distinct affirmative defense, said defendants allege that they are not liable by operation of section 815.2, subdivision (b), of the Government Code, and sections 196, 197, 835a of the Penal Code in that the physical force and contact utilized was reasonable to effect a lawful arrest, to prevent escape or to overcome resistance.

10

As a tenth, separate and distinct affirmative defense, said defendants allege that they are not liable by operation of section 815.2, subdivision (b), of the Government Code and sections 196, 197, 835a of the Penal Code in that the physical force and contact utilized were reasonable for the lawful defense of the officer and/or others.

11

As an eleventh, separate and distinct affirmative defense, said defendants allege that each and every act or omission of said defendants was made in good faith and in the reasonable belief in the necessity or propriety of such act or omission for the proper execution and enforcement of the law.

12

As a twelfth, separate and distinct affirmative defense, said defendants allege that their acts or omissions were discretionary, requiring personal deliberation,

1   decision and judgment which were done honestly, reasonably and in good faith, and by

2   virtue of which they have qualified immunity from liability under title 42, United

3   States Code section 1983.

13

5   As a thirteenth, separate and distinct affirmative defense, said defendants allege

6   that they are not liable for violations of civil or constitutional rights by other persons.

14

8   As a fourteenth, separate and distinct affirmative defense, said defendants allege

9   that the action is barred by the failure of plaintiff to timely comply with the

10  administrative claim provisions of the Government Code by operation of section 945.4

11  of the Government Code.

15

13  As a fifteenth, separate and distinct affirmative defense, said defendants allege

14  that the action is barred by the failure of plaintiff to commence the action within the

15  time required by section 945.6 of the Government Code.

16

17  As a sixteenth, separate and distinct affirmative defense, said defendants allege

18  that it is not liable for punitive or exemplary damages by operation of section 818 of

19  the Government Code and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247

20  (1981).

17

22  As a seventeenth, separate and distinct affirmative defense, said defendants

23  allege that plaintiffs lack standing to bring suit.

18

25  As an eighteenth, separate and distinct affirmative defense, said defendants

26  allege that the action is barred by the statute of limitations.

27  ///

28  ///

19

As a nineteenth, separate and distinct affirmative defense, said defendants allege that the action is barred by plaintiff's failure to exhaust available administrative remedies.

20

As a twentieth, separate and distinct affirmative defense, defendants allege that they are not subject to vicarious liability.

21

As a twenty-first, separate and distinct affirmative defense, defendants allege that plaintiffs' section 1983 claim is barred by the Eleventh Amendment.

22

As a twenty-second, separate and distinct affirmative defense, defendants allege that pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

WHEREFORE, said defendants pray as follows:

1.    That the action be dismissed with prejudice;

2.    That plaintiffs take nothing by their action;

3.    That defendants recover their costs of suit incurred herein, including attorneys' fees; and

4.    For such other and further relief as the Court deems proper and just.

DATED:  May 23, 2008          JOHN J. SANSONE, County Counsel

By: /s/ DAVID G. AXTMANN, Senior Deputy
Attorneys for Defendants County of San Diego and
City of Vista
E-Mail: david.axtmann@sdcounty.ca.gov

Declaration of Service

I, the undersigned, declare:

That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On May 23, 2008, I served the following documents: **ANSWER TO FIRST AMENDED COMPLAINT** in the following manner:

☐   By personally delivering copies to the person served.

☐   By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☐   By faxing a copy to the person served.  The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

☒   By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

Victor Manuel Torres: E-Mail lawforvatos@yahoo.com
Ezekiel E. Cortez: E-Mail lawforjustice@aol.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 23, 2008, at San Diego, California.

_____
By: s/DAVID G. AXTMANN

**[Samantha Lopez, etc., et al. v. County of San Diego, et al.; United States District Court No. 07cv2028-JLS(WMc)]**