JOHN J. SANSONE, County Counsel
County of San Diego
By DAVID G. AXTMANN, Senior Deputy (SBN 100176)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone: (619) 531-5649
Facsimile: (619) 531-6005
E-Mail: david.axtmann@scounty.ca.gov

Attorneys for Defendants and Cross-Defendants County of San Diego and City of Chula Vista

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA LOPEZ, a Minor, by and through her Legal Custodian, LILIANA CORTEZ, FILADELFO LOPEZ, LAURA ALONZO LOPEZ, ANNA LOPEZ & JULIA LOPEZ, as surviving heirs of DAVID ARNULFO LOPEZ, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal corporation, CITY OF VISTA, a municipal corporation & DOES 1-50, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | No. 07CV2028-JLS(WMc)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CROSS-COMPLAINANT'S COMPLAINT FILED ON BEHALF OF DEFENDANT COUNTY OF SAN DIEGO AND CITY OF VISTA**<br><br>[F. Rules Civ. Proc., Rule 12(b)(6)]<br><br>Date: September 25, 2008<br>Time: 1:30 p.m.<br>Courtroom: 6<br>The Honorable Janis L. Sammartino |

# I

# INTRODUCTION

This is a wrongful death action. Mr. Lopez died when he was shot while attacking sheriff's deputies who responded to a domestic violence call on the night of October 21, 2006. The call was made by David Arnulfo Lopez's estranged wife. She reported that he had threatened her and the children with a knife. Lopez had a violent criminal history

07CV2028-JLS(WMc)

1  that included battery against his wife, as well as assaults on law enforcement personnel.
2  He was 27 years old, unemployed, and lived at his father's residence after his wife
3  obtained a "stay away" order. Lopez frequently violated the order.
4      This case was been filed on behalf of Samantha Lopez, who was the decedent's
5  minor child. The decedent's spouse was not a plaintiff, and Lopez added the spouse, a
6  necessary party, as a defendant when she filed her First Amended Complaint. The
7  spouse, Aracela Gocobachi, answered and filed a cross-complaint.
8      The cross-complaint contains allegations similar to those in the plaintiff's
9  complaint, including causes of action based on state law. However, plaintiff's state law
10 claims were based on allegations that plaintiff presented the preliminary claims against
11 public entities that are required by state law before suit. On the other hand, cross-
12 complainant did not make those requisite allegations and cannot do so in good faith
13 because, in fact, cross-complainant did not submit any public entity claims on her behalf
14 and it is now too late to do so.
15     Specifically, cross-complainant's "supplemental state claims" are for – Third
16 Cause of Action: Wrongful Death (X-Cpt at 8-9); Fourth Cause of Action: Violation of
17 Right to Familial Relationship (*id.* at 9-10); and Fifth Cause of Action: Battery (*id.* at 11).
18 Because the cross-complainant did not allege compliance with administrative procedure,
19 as required by California law, the defendants move to dismiss all claims for failure to
20 state a claim upon which relief can be granted.

## II

## AUTHORITY FOR MOTION TO DISMISS

23     When an action fails to state a claim upon which relief can be granted, a defendant
24 may move for dismissal under Federal Rules of Civil Procedure, rule 12(b)(6). A motion
25 to dismiss may be granted where there is either a lack of a cognizable legal theory upon
26 which to grant relief or the absence of sufficient facts alleged under a cognizable legal
27 theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).
28 ///

# III

## THE CROSS-COMPLAINT SHOULD BE DISMISSED BECAUSE ARACELA GOCOBACHI DID NOT FILE A GOVERNMENT CODE DAMAGES CLAIM BEFORE SUING FOR TORT CLAIMS

The submission of a claim to a government entity is a condition precedent to any claim for money damages against the entity or its employees. California Government Code section 945.4 which provides in part: "… no suit for money damages may be brought against a public entity on a cause of action for which a claim is required to be presented … until a written claim therefore has been presented to the public entity .…" "[F]ailure to file a claim is fatal a cause of action." *Dilts v. Cantua Elem. Sch. Dist.*, 189 Cal. App. 3d 27, 32 (1987); and see *Turner v. State of California*, 232 Cal. App. 3d 883, 888 (1991). Failure to include the necessary allegations in the complaint is demurable. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004). Also, each cause of action asserted in a complaint must correspond to the factual circumstances reflected in the written government code claim. *Watson v. State of California*, 21 Cal. App. 4th 836, 844 (1993) [complaint alleging medical malpractice when CTCA claim alleged failure to summon and refusal of medical care dismissed because of fatal variance between complaint and claim]; *Nelson v. State of California*, 139 Cal. App. 3d 72, 80 (1982) [complaint alleging failure to summon care when CTCA claim alleged medical malpractice dismissed because of fatal variance between complaint and claim].

Here, cross-complainant does not allege compliance with the government code claim requirement. She does, though, in an apparent effort to copy plaintiff Lopez' allegations, allege that the <u>plaintiff</u> filed a claim. (X-Cpt at 3.) That may be true, but it's irrelevant. She cannot salvage her state law claims by arguing that decedent's daughter, Samantha Lopez, filed such a damage claim. She cannot assert personal compliance with the claim-presentation requirements of the California Tort Claims Act on the basis that a third person, even a relative, filed a claim based on the same event. *Nelson v. County of Los Angeles*, 113 Cal. App. 4th 783, 796 (2003) [decedent's estate could not rely on the

mother's tort claim]; *Nguyen v. Los Angeles County Harbor / UCLA Med. Ctr.*, 8 Cal. App. 4th 729, 732-733 (1992) [plaintiff parents could not rely on their child's tort claim]; *Lewis v. City and County of San Francisco*, 21 Cal. App. 3d 339, 341(1971); *Peterson v. City of Vallejo*, 259 Cal. App. 2d 757, 766-767 (1968). The third through fifth causes of action should be dismissed without leave to amend.

## VII
## CONCLUSION

Based upon the facts and applicable law set forth above, defendants respectfully submit they are entitled to dismissal of the cross-complaint with prejudice since cross-complainant has not, and cannot, comply with the prerequisite to suit based on the state law causes of action.

DATED:                    Respectfully submitted,

JOHN J. SANSONE, County Counsel

By s/DAVID G. AXTMANN, Senior Deputy
Attorneys for Defendants and Cross-Defendants
County of San Diego and City of Vista
E-mail: david.axtmann@sdcounty.ca.gov