JOHN J. SANSONE, County Counsel
County of San Diego
By DAVID G. AXTMANN, Senior Deputy (SBN 100176)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone: (619) 531-5649
Facsimile: (619) 531-6005
E-Mail: david.axtmann@scounty.ca.gov

Attorneys for Defendant William Kolender

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SAMANTHA LOPEZ, a Minor, by and through her Legal Custodian, LILIANA CORTEZ, FILADELFO LOPEZ, LAURA ALONZO LOPEZ, ANNA LOPEZ & JULIA LOPEZ, as surviving heirs of DAVID ARNULFO LOPEZ, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO, a municipal corporation, CITY OF VISTA, a municipal corporation & DOES 1-50, inclusive, <br><br> Defendants. | No. 07CV2028-JLS(WMc) <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** <br><br> **[Defendant's Demand For Jury Trial]** |

Defendant William Kolender answers plaintiff's first amended, and requests a jury trial, as follows:

1.     Answering paragraphs 1, 2, 3, and 8 of the first amended complaint, defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and thus denies generally and specifically each and every allegation contained therein.

2.     Answering  paragraph 4 of the first amended complaint, defendant denies generally and specifically each and every allegation contained therein, except

///

defendant admits that the County of San Diego is a public entity and a subdivision of the State of California.

3.    Answering paragraph 5 of the first amended complaint, defendant denies generally and specifically each and every allegation contained therein, except defendant admits that the City of Vista is a public entity.

4.    Answering paragraph 6 of the first amended complaint, defendant denies generally and specifically each and every allegation contained therein, except defendant admits that he is the Sheriff of San Diego County.

5.    Answering paragraph 7 of the first amended complaint, defendant denies generally and specifically each and every allegation contained therein, except defendant admits that Shawn Aitken, Jacob Pavlenko, and Jonathan Fecteau were sheriff's deputies employed by the County of San Diego in the Sheriff's Department.

6.    Answering paragraphs 9, 10 through 12, 14 through 20, 22 through 25, 27 through 29, and 31 of the first amended complaint, defendant denies generally and specifically each and every allegation contained therein.

7.    Answering paragraphs 13, 21, 26, and 30 of the first amended complaint, defendant realleges and incorporates herein by reference all paragraphs above as though each were realleged in full pursuant to its corresponding paragraph of plaintiff's complaint.

AFFIRMATIVE DEFENSES

1

As a first, separate and distinct affirmative defense, defendant alleges that the first amended complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2

As a second separate and distinct affirmative defense, said defendant alleges that plaintiffs and plaintiff's decedent acted unreasonably, carelessly and negligently in and about the matters alleged in the complaint in that they did not exercise ordinary care,

1    caution or prudence for their own safety and protection.  Said acts of unreasonableness,

2    carelessness and negligence were the proximate cause of the alleged injuries, losses

3    and damages, if there were any.  However, if said defendant is found legally

4    responsible to plaintiffs, then said defendant provisionally alleges that the acts or

5    omissions of said defendant were not the sole and proximate cause of plaintiff's

6    injuries and damages and that the damages awarded are to be apportioned according to

7    the respective fault and legal responsibility of all parties, persons and entities who

8    contributed to and/or caused said injuries and damages, according to proof presented at

9    the time of trial.

10                                                         3

11       As a third, separate and distinct affirmative defense, said defendant alleges that

12   he is not liable for common-law negligence and is only liable pursuant to statute by

13   operation of section 815 of the Government Code.

14                                                         4

15       As a fourth, separate and distinct affirmative defense, said defendant alleges that

16   he is not liable by operation of sections 815.2, subdivision (b), and 820.2 of the

17   Government Code in that the injuries and damages, if there were any, were the result

18   of the exercise of the discretion vested in public officers and employees.

19                                                         5

20       As a fifth, separate and distinct affirmative defense, said defendant alleges that

21   he is not liable by operation of sections 815.2, subdivision (b), and 820.4 of the

22   Government Code for the execution or enforcement of the law by public officers or

23   employees exercising due care.

24                                                         6

25       As a sixth, separate and distinct affirmative defense, said defendant alleges that

26   he is not liable by operation of sections 815.2, subdivision (b), and 820.8 of the

27   Government Code in that the injuries and damages, if there were any, were caused by

28   the acts or omissions of other persons, not officers or employees of defendant.

7

As a seventh, separate and distinct affirmative defense, said defendant alleges that on or before the date of the subject incident, plaintiffs and plaintiff's decedent knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in said complaint.

8

As an eighth, separate and distinct affirmative defense, defendant alleges that the conduct of plaintiff's decedent was an intervening superseding cause of plaintiff's injuries, if any.

9

As a ninth, separate and distinct affirmative defense, said defendant alleges that he is not liable by operation of section 815.2, subdivision (b), of the Government Code, and sections 196, 197, 835a of the Penal Code in that the physical force and contact utilized was reasonable to effect a lawful arrest, to prevent escape or to overcome resistance.

10

As a tenth, separate and distinct affirmative defense, said defendant alleges that he is not liable by operation of section 815.2, subdivision (b), of the Government Code and sections 196, 197, 835a of the Penal Code in that the physical force and contact utilized were reasonable for the lawful defense of the officer and/or others.

11

As an eleventh, separate and distinct affirmative defense, said defendant alleges that each and every act or omission of said defendant was made in good faith and in the reasonable belief in the necessity or propriety of such act or omission for the proper execution and enforcement of the law.

12

As a twelfth, separate and distinct affirmative defense, said defendant alleges that his acts or omissions were discretionary, requiring personal deliberation, decision

and judgment which were done honestly, reasonably and in good faith, and by virtue of which he has qualified immunity from liability under title 42, United States Code section 1983.

13

As a thirteenth, separate and distinct affirmative defense, said defendant alleges that he is not liable for violations of civil or constitutional rights by other persons.

14

As a fourteenth, separate and distinct affirmative defense, said defendant alleges that the action is barred by the failure of plaintiff to timely comply with the administrative claim provisions of the Government Code by operation of section 945.4 of the Government Code.

15

As a fifteenth, separate and distinct affirmative defense, said defendant alleges that the action is barred by the failure of plaintiff to commence the action within the time required by section 945.6 of the Government Code.

16

As a sixteenth, separate and distinct affirmative defense, said defendant alleges that he is not liable for punitive or exemplary damages by operation of section 818 of the Government Code and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

17

As a seventeenth, separate and distinct affirmative defense, said defendant alleges that plaintiffs lack standing to bring suit.

18

As an eighteenth, separate and distinct affirmative defense, said defendant alleges that the action is barred by the statute of limitations.

///

///

19

As a nineteenth, separate and distinct affirmative defense, said defendant alleges that the action is barred by plaintiff's failure to exhaust available administrative remedies.

20

As a twentieth, separate and distinct affirmative defense, defendant alleges that he is not subject to vicarious liability.

21

As a twenty-first, separate and distinct affirmative defense, defendant alleges that plaintiffs' section 1983 claim is barred by the Eleventh Amendment.

22

As a twenty-second, separate and distinct affirmative defense, defendant alleges that pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

WHEREFORE, said defendant prays as follows:

1.    That the action be dismissed with prejudice;

2.    That plaintiffs take nothing by their action;

3.    That defendant recover his costs of suit incurred herein, including attorneys' fees; and

4.    For such other and further relief as the Court deems proper and just.

DATED:  September 3, 2008              JOHN J. SANSONE, County Counsel

By: /s/ DAVID G. AXTMANN, Senior Deputy
Attorneys for Defendant William Kolender
E-Mail: david.axtmann@sdcounty.ca.gov