1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 SAMANTHA LOPEZ, et al.,

12                                    Plaintiffs,

      vs.

13

14 SHAWN AITKEN, JACOB PAVLENKO,
   JONATHAN FECTEAU, ARACELI
15 GOCOBACHI,

16                                    Defendants.
   _____

17

18 AND RELATED CROSSCLAIMS

CASE NO. 07-CV-2028 JLS (WMC)

**ORDER: DENYING (1) CROSS-
CLAIMANT'S MOTION TO
RETAX COSTS; AND
(2) PLAINTIFF'S MOTION TO
RETAX COSTS**

(ECF Nos. 204, 205)

19

20        Presently before the Court are Defendant–Cross-claimant Araceli Gocobachi's (Cross-

21 claimant) and Plaintiff Samantha Lopez's motions to retax costs pursuant to Civil Local Rule 54.1(h).

22 (Cross-Claimant's Mot., ECF No. 204; Pl.'s Mot., ECF No. 205.)  Also before the Court is Defendants

23 Shawn Aitken, Jacob Pavlenko, and Jonathan Fecteau's (collectively, Defendants) opposition to both

24 motions.  (Opp'n, ECF No. 207.)  For the reasons stated, the Court **DENIES** Plaintiff's and Cross-

25 claimant's motions.

**BACKGROUND**

26

27        Plaintiff filed this action on October 19, 2007.  (ECF No. 1.)  The operative complaint alleged

28 claims for, *inter alia*, excessive force, battery, and negligence.  (FAC, ECF No. 10.)  After a seven-day

   trial, the jury rendered a verdict for Defendants, and the Court entered judgment accordingly.  (Special

1   Verdict Form, ECF No. 196; Judgment, ECF No. 197.)

2        Post-trial, Defendants submitted a bill of costs in the amount of $3,698.78.  (Bill of Costs, ECF

3   No. 198.)  The clerk held a telephonic hearing on Defendants' application and, pursuant to Civil Local

4   Rule 54(g), entered in Defendants' favor an Order taxing costs in the amount of $3,018.19.  (Costs

5   Order, ECF No. 203.)  Plaintiff and Cross-claimant then filed the instant motions to retax pursuant to

6   Civil Local Rule 54.1(h).  (Cross-claimant's Mot.; Pl.'s Mot.)

7                                        **LEGAL STANDARD**

8        Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a

9   court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

10  party."  This rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in

11  the district court discretion to refuse to award costs."  *Ass'n of Mexican–Am. Educators v.Cal.*, 231

12  F.3d 572, 591 (9th Cir. 2000) (en banc).  This discretion is not unlimited, however, and the Court must

13  give specific and appropriate reasons when costs are denied.  *Id.*  Some reasons that the Ninth Circuit

14  has identified include the losing party's limited financial resources and the chilling effect on future

15  civil rights litigants of imposing high costs.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th

16  Cir. 2003).

17       Although a district court must justify its decision to *deny* costs, it "need not give affirmative

18  reasons for awarding costs."  *Id.*  "[I]nstead, it need only find that the reasons for denying costs are

19  not sufficiently persuasive to overcome the presumption in favor of an award."  *Id.*  Only "in the rare

20  occasion where severe injustice will result from an award of costs (such as the injustice that would

21  result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged

22  oppressor's legal costs)" does a district court abuse its discretion in failing to conclude that the

23  presumption has been rebutted.  *Id.*

24                                          **ANALYSIS**

25       Plaintiff and Cross-claimant argue that the Court should retax Defendants' costs on an

26  equitable basis for three reasons.   First, Plaintiff and Cross-claimant contend that the Court should

27  deny Defendants' request for costs because there is no evidence that Defendants incurred the costs

28  they claim.  (Cross-claimant's Mot. 2; Pl.'s Mot. 4 ("Each of the defendants was insulated from

1   costs . . . because the County of San Diego absorbed the costs of defending them.").) Second, Plaintiff

2   and Cross-claimant contend that their economic circumstances would make an award of costs

3   inequitable. (Cross-claimant's Mot. 2–3; Pl.'s Mot. 2–4; Cortez Decl. ¶ 4, ECF No. 205-1.) Third,

4   Plaintiff contends that an award of costs "may very well have a chilling effect on other potentially

5   crucial civil rights litigation." (Pl.'s Mot. 5.)

6         Defendants' bill of costs establishes that all of the costs claimed in this matter were borne by

7   the County of San Diego Office of County Counsel, which represented Defendants in this matter.

8   (Mot. ISO Bill of Costs Exs. B–E, ECF No. 198-2.) Contrary to Plaintiff and Cross-claimant's

9   apparent contention, the County of San Diego is entitled to recover the costs it incurred on

10  Defendants' behalf; there is no factual basis for Cross-claimant's counsel's speculative assertion that

11  the claimed costs are attributable to the County's defense, rather than that of the individual

12  Defendants. *See, e.g.*, *Springer v. Rancourt*, 17 F. App'x 824, 826 (10th Cir. 2001); *Wereb v. Cnty.*

13  *of Maui*, 2011 WL 2020700, at *2 (D. Haw. Apr. 28, 2011) (construing motion for costs filed by joint

14  counsel as having been made by individual defendants), *report and recommendation adopted* 2011

15  WL 2036973 (D. Haw. May 23, 2011). And although Plaintiff contends that there is a great financial

16  disparity between the parties, the Court is reluctant to retax costs on that basis where the costs of

17  defense were advanced by a public entity and the burden would fall on the taxpayers. *See Pineda v.*

18  *City of Seattle*, 2007 WL 201078, at *1 (W.D. Wash. Jan. 22, 2007).

19        Considering Plaintiff's and Cross-claimant's remaining arguments, the Court finds them

20  insufficiently persuasive to overcome the presumption in favor of an award. First, although Plaintiff

21  and Cross-claimant argue that their limited economic means justify denial of costs, they fail to provide

22  sufficient admissible evidence[1] supporting their assertions of indigence. *See Hsieh v. Stanford Univ.*,

23  2011 WL 2222167, at *2 (June 7, 2011) (finding limited financial resources based on motion

24  submitted under penalty of perjury); *Lanagan v. Santa Cruz Metro. Transit Dist.*, 2010 WL 3245113,

25  at *1 (N.D. Cal. Aug. 17, 2010) (finding limited financial resources based on earlier grant of *in forma*

26

27        [1] Defendants' objections to Victor Torres's declaration are well taken. (Opp'n 2; *see* Torres
    Decl. ¶ 4.) However, even if the Court were to consider Mr. Torres's declaration, the Court would
28  find it insufficiently detailed to justify a finding that an award would render Plaintiff indigent. *See*
    *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir. 1999).

1  *pauperis* status and testimony, under penalty of perjury, regarding financial circumstances); *Rivera*

2  *v. NIBCO, Inc.*, 701 F. Supp. 2d 1135, 1143–44 (E.D. Cal. 2010) (finding lack of financial resources

3  based on declaration summarizing wage and earnings information for each plaintiff for a ten-year

4  period).  Second, the Court does not believe that the imposition of costs will have a chilling effect on

5  future litigants because "the costs accumulated in this case after years of unsuccessful litigation are

6  not unreasonably  high." *Haldeman v. Golden*, 2010 WL 2176089, at *4 (D. Haw. May 28, 2010).

7  Accordingly, the Court finds "that the reasons for denying costs are not sufficiently persuasive to

8  overcome the presumption in favor of an award." *Save Our Valley*, 335 F.3d at 945.

9  **CONCLUSION**

10  As stated above, the burden is on Plaintiff and Cross-claimant to rebut the presumption in favor

11  of awarding costs.  Here, they have failed to do so, and the Court must abide the presumption and tax

12  costs to the losing party.  Accordingly, Plaintiff's and Cross-claimant's motions to retax are **DENIED**.

13  **IT IS SO ORDERED.**

14

15  DATED:  August 19, 2011

16  *Janis L. Sammartino*
   Honorable Janis L. Sammartino
17  United States District Judge

18

19

20

21

22

23

24

25

26

27

28